IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. PAUL, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO.  2:07mc3367-MHT |
| | ) | CIV. ACT. NO.  2:07mc3369-MHT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|    Defendant. | ) | |

**RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE**

In these matters, the *pro se* plaintiff, William D. Paul ("Paul"), seeks to quash summons issued by the Internal Revenue Service Criminal Investigation Division.[1] The court held oral argument on the plaintiff's motions on August 13, 2007. For the reasons which follow, the court concludes that the plaintiff's motions to quash, (docs. # 12 and 1), motion to grant motion to quash (doc. # 16), motion to dismiss (doc. # 9) and motion to compel (doc. # 22) are due to be denied.

**FACTS**

On May 31, 2007, the Department of the Treasury, Internal Revenue Service, Criminal Investigation Division ("IRS"), issued administrative summons to three banks seeking tax liability information for William D. Paul from January 1, 2003 through

---

[1] In 2:07mc3367-MHT, the following motions are pending before the court: the plaintiff's motion to quash (doc. # 12) filed on June 25, 2007, motion to grant the motion to quash (doc. # 16) filed on July 19, 2007 and motion to compel (doc. # 22) filed on July 30, 2007. In 2:07mc3369-MHT, the following motions are also pending: the plaintiff's motion to quash (doc. # 1) filed on June 22, 2007, and motion to dismiss (doc. # 9) filed on July 19, 2007.

December 31, 2006.  According to the summons, the IRS sought the records of "William D. Paul/PDI Faith Based Initiative Veterans Repair, Inc." (Def's Ex. 1); "William D. Paul/Rheumatology Specialists Arthritis & Osteoporosis Center, Inc." (Def's Ex. 2); and "William D. Paul/PDI Ministries, Inc./William D. Paul Ministries, Inc./ PDI Real Estate, Inc." (Def's Ex. 3).

On June 5, 2007, Paul filed a motion to quash the summons issued to First Tuskegee Bank, Regions Bank, and Compass Bank which was set for a hearing on June 14, 2007.  At the hearing, the United States informed the court that it had filed a motion to dismiss.  *See Paul v. United States*, CV No. 2:07mc3367-MHT (M.D. Ala. ), doc. # 6.  In the written motion to dismiss, the United States asserted that it would "not seek enforcement of the summons, *as issued*." *Id*. (Emphasis added).  Based on the United States' assertion, on June 15, 2007, the court granted the motion to dismiss and denied the petition to quash as moot. *See Id., Judgment*, Doc. # 9.  On June 19, 2007, the IRS issued new summons to the same three banks seeking tax liability information only for William D. Paul and only for the tax years 2002, 2003, 2004 and 2005.  On June 22, 2007, Paul filed a petition to quash these summons arguing that the United States was precluded by the previous action from issuing the summons.  *See Paul v. United States*, CV No. 2:07mc3369-MHT (M.D. Ala.), doc. # 1).  On June 25, 2007, the plaintiff filed another motion to quash summons.[2]  *See* Doc. # 12.  Thereafter, on July 19, 2007, Paul filed a motion to grant his motion to quash in *Paul v.*

---

[2] On June 22, 2007, the plaintiff filed a petition to quash (doc. # 1) that was docketed as a new case. *See Paul v. United States of America*, CV No. 2:07mc3369-MHT (M.D. Ala.).

*United States*, 2:07mc3367-MHT.

On July 20, 2007, the court consolidated the two actions for all further proceedings and set the motions for oral argument. *See* Doc. #17.

Finally, on July 30, 2007, Paul filed a motion to compel and request for production of documents directed at the Commissioner of the IRS. *See* Doc. # 22.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a), the IRS has the authority to issue a summons to a taxpayer to determine the tax liability of that person.[3] Consequently, on their face, the summons are properly issued.

The question before this court is whether the government's prior representation not to enforce the first issued summons and the court's previous order dismissing the motion to

---

[3] 26 U.S.C. § 7602 provides in pertinent part as follows;

(a) Authority to summon, etc.– For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--

> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
> (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
> (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

quash in *Paul v. United States*, CV No. 2:07mc3367-MHT (M.D. Ala.) preclude the IRS from issuing the summons solely to William D. Paul. Paul's only basis for challenging the summons is the United States' prior assertion that it would not enforce the summons *as issued*.

The original summons sought tax liability information not only from Paul but from several corporations as well. In addition, the original summons sought information from January 1, 2003 until December 31, 2006. It is undisputed that in the prior proceeding the United States agreed not to enforce the summons *as issued*. The present summons are not the same summons as originally issued. The summons at issue now are issued only for the tax records of Paul and do not seek any corporate records. Furthermore, the United States has limited its requests to the tax years 2002, 2003, 2004 and 2005.

Section 7602 provides the IRS with "broad" and "expansive" authority to investigate and determine tax liability of individuals. *La Mura v. United States*, 765 F.2d 974, 979 (11th Cir. 1985) *citing United States v. Arthur Young & Co.,* 465 U.S. 805, 104 S.Ct. 1495, 1502 (1984); *United States v. Euge,* 444 U.S. 707, 715 n. 9, 100 S.Ct. 874, 880 n. 9(1980); *United States v. Gottlieb,* 712 F.2d 1363 (11th Cir. 1983).

> The IRS' investigative power is not, however, limitless. To obtain enforcement of a summons, the IRS must demonstrate (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry will be relevant to that purpose, (3) that the information sought is not already in the IRS' possession and, (4) that it has taken the administrative steps necessary to the issuance of a summons. *United States v. Powell,* 379 U.S. 48, 57-59, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964); *United States v. Centennial Builders, Inc.,* 747 F.2d 678, 680 (11th Cir. 1984); *Matter of Newton,* 718 F.2d 1015, 1019 (11th Cir. 1983), *cert. denied,* 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153

(1984). The IRS can satisfy this burden merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts. *Matter of Newton,* 718 F.2d at 1019; *United States v. Davis,* 636 F.2d 1028, 1034 (5th Cir.), *cert. denied,* 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981). *But see United States v. Goldman,* 637 F.2d 664 (9th Cir.1980). Thereafter, the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process. *Powell,* 379 U.S. at 58; 85 S.Ct. at 255. *Matter of Newton,* 718 F.2d at 1018; *United States v. Davis,* 636 F.2d at 1034.

*Id*. at 979-80.

In response to Paul's motion to quash, the United States submitted the sworn declaration of Special Agent Mark Mire in which he states that he is investigating the tax liability of Paul and the information sought is relevant to that investigation; that the IRS is not presently in the possession of the requested information; and that he has taken the appropriate and necessary steps to issue and notify Paul of the summons. *See* Def's Ex. 4, Doc. # 20. Mire's sworn declaration is sufficient to meet the government's burden under *Powell, supra*.

The burden now shifts to Paul to "show that the summons ha[ve] been issued for an improper purpose or that the information they sought was not relevant to the IRS' investigation." *La Mura*, 765 F.2d at 980. Paul has failed to meet his burden. Although Paul argues that he is exempt from filing tax records because he has taken a vow of poverty, the IRS is entitled to investigate and make a determination of Paul's tax liability. "The government's burden of showing relevance in this context is slight. If the information sought by an IRS summons "'might throw light upon the correctness of the taxpayer's return,'" then

it is deemed to be relevant." *Id.*, at 981.  The court concludes that the records sought by the IRS are relevant to its investigation of Paul's tax liability and thus, Paul's motions to quash or dismiss the summons are due to be denied.

To the extent that Paul, in a motion to compel pursuant to FED. R. CIV. P. 33 & 34, seeks to compel the Commissioner of the IRS to answer interrogatories and produce documents, this proceeding is not the appropriate vehicle to secure that information.  Paul may raise these issues in an appropriate proceeding at a later time.  Thus, at this juncture, his motion to compel (doc. # 22) is due to be denied.

## CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motions to quash, (docs. # 12 and 1), motion to grant motion to quash (doc. # 16), and motion to dismiss (doc. # 9) be denied and this matter be dismissed.

It is further

ORDERED that the plaintiff's motion to compel (doc. # 22) be and is hereby DENIED.  Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 29, 2007.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of August, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE