IN THE UNITED STATE DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

William D. Paul

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case Civil Action No.: 2: 02:07mc3367-MHT

Case Civil Action No.: 2: 02:07mc3369-WKW

*(RECEIVED 2007 AUG 21 A 11:21 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA)*

## MOTION AND RESPONSE: PETITIONER, OBJECTIONS TO ALL RECOMMENDATIONS AND ORDERS OF THE MAGISTRATE
## BASED ON: RESPONDENT: MOTION TO DISMISS, PETITIONER:VOW OF POVERTY AND RELIGIOUS DISCRIMINATION

**COMES NOW,** in these matters, the petitioner, Bishop William D. Paul, ("Bishop Paul") *pro se,* seeks to quash summons issued by the Internal Revenue Service's Criminal Investigation Division ("IRS"). The Petitioner objects to all recommendations of the magistrate. Reasons being:

### FACTS

1. On or before March 15, 2006, summons was served on William Paul in the matter of William D. Paul SSN: 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 in order to produce bank and financial records for 2001, 2002, 2003, 2004 and 2005.

2. After or before March 28, 2006, the petitioner, Bishop Paul, pro se filed a motion to quash the above summons in Case No. 2:06-mc-3292-WKW. Special agent Larry Ellis was the investigator.

3. On or before August 7, 2006, a second summons was served on William Paul in the matter of William D. Paul SSN: 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 in order to produce bank and financial records for 2001, 2002, 2003, 2004 and 2005.

4. Final judgment was entered on August 25th, 2006. The action of the petitioner was dismissed without prejudice. The above records were pursued and obtained by IRS

1

agent Larry Ellis. These records remain in the possession of the Internal Revenue Service.

5. Mark Mire assumed the case from Larry Ellis.
6. On or before June 1, 2007 third summons was served on William Paul per Mark Mire, Special agent for 2003, 2004, 2005 and 2006.
7. On or before June 20, 2007 fourth summons was served on William Paul per Mark Mire, Special agent for 2002, 2003, 2004, and 2005.
8. On June 5, 2007 and June 19, 2007, the petitioner, Bishop Paul, pro se filed a motion to quash summons in Case Civil Action No.: 2:02:07mc3367-MHT **and** Case Civil Action No.: 2: 02:07mc3369-WKW. Filing pro se, he represented William Paul ONLY and therefore none of the other legal entities (corporations).
9. On June 13, 2007, the respondent filed a Motion to dismiss and the judgment was granted in the United States District Court per Judge Myron H. Thompson, by agreement of the parties made in open court on June 14, 2007. The Respondent asserted: "**As the respondent will not seek enforcement of the summonses,** *as issued*, **their no longer exists a case or controversy between the parties( William Paul ONLY and United States) that can, or need be, resolved by the Court**". See Paul vs. United States, CV No. 2:07mc3367 (M.D. Ala) doc. #6.
10. On July 20, 2007, summons were again served on William Paul per Mark Mire, Special Agent for calendar years ending December 31, 2002, December 31, 2003, December 31, 2004, and December 31, 2005.

## TAX-LIABILITY AND RELIGIOUS DISCRIMINATION

Bishop Paul is requesting a jury trial for clarification and to stop the harassment, religious persecution, irrevocable hardship and character assassination by the IRS. Reasons being:

- Bishop Paul is an agent with the **Church on the Road, Inc.** and has taken the vow of poverty. He has renounced all claims to his earnings since 1984. The earnings belong to the order and are not subject to tax liabilities. This is the same as the nuns and priests of the Catholic Church.

2

- A criminal investigation for tax liability purposes has never taken place with the nuns and priests of the Catholic Church who have taken the vow of poverty. The fact that Bishop Paul is being criminally investigated for tax liability is religious discrimination. One religion is being preferred over another which is contrary to the First Amendment of the Constitution and is a violation. See U.S. Supreme Court decision - Everson *vs.* Board of Education.

### U.S. Supreme Court decision

In the U.S. Supreme Court decision considering the case of Everson vs. Board of Education, 330U5 203.91, LED 2,711, **the Court held that:** "**The establishment of religion' of the First Amendment means at least this: Neither the State nor the Federal Government can set up a church. Neither can pass laws, which aid one religion, aid all religions, or prefer one religion to another.** Neither can force nor influence a person to go to or to remain away from a church against his will or force him to profess entertaining or professing religious beliefs of disbeliefs, for the church attendance or non attendance.

- As the nuns and priests are not, **neither** is Bishop Paul a **tax payer** and thereby, has **no tax-liabilities.** This is according to:
    - Social Security Administration
    - IRS' top officials with 1040 forms and Tax- exempt organizations
    - FICA
    - SEIC
    - Information in IRS 2006 publications: 557, 517, 17, 1023 application, and SS-4

See court Doc Attachments for copies.

### 11. Summons are illegal and irrelevant. There are no Tax Liabilities

To obtain enforcement of a summons, the IRS must demonstrate:

(1) That the investigation will be conducted pursuant to a legitimate purpose.

3

    Comment: There are no tax-liabilities and therefore no need to conduct an illegal criminal investigation. Petitioner is not a tax-payer.

(2) That the inquiry will be relevant to that purpose.

    Comment: The inquiry is irrelevant. The petitioner is not subject to income tax withholdings, social security and Medicare tax, nor SE tax according to IRS, 2006 PUBLICATION 517, VOW OF POVERTY PAGES 2, 3 AND 6.

    Comment: The illegal criminal investigation is requesting information and obtaining financial records from various religious organizations and integrated auxiliaries that the petitioner has been assigned to work with by the religious order. See summons.

(3) That the information sought is not already in the IRS' possession.

    Comment: IRS already has the information sought based upon previous summons of records issued and obtained in 2006 from banks and CPA firm of Bern, Butler, Capilouto and Massey. See summons issued on August 7, 2006 per Larry Ellis, IRS Special Agent in the matter of William D. Paul SSN: 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. These summons were for tax years 2001, 2002, 2003, 2004, 2005. See Civil Action No. 2:06mc3292-WKW. Final judgment was rendered on August 25, 2006. At that time, IRS pursued and obtained bank records and information from the aforementioned CPA firm and banks from which they are presently requesting records (Regions Bank, Compass Bank, AmSouth Bank, Peoples Bank and Trust Company).

(4) That it has taken the administrative steps necessary to the issuance of a summons.

    Comments: Pursuant to 26 U.S.C. 7602(a) Refer to tax-payer. Bishop Paul is not a tax-payer and IRS has neither law nor authority to issue a summons to a religious order. Bishop Paul has taken the vow of poverty as an agent of a religious order, renounced all claims to his earnings and his earnings belong to the order. IRS does not require filing tax returns of any kind for the religious order or activities. In addition, Bishop Paul is not subject to income tax withholding, social security and

Medicare tax, or SE tax. See 2006 IRS Publication 557 and IRS 2006
PUBLICATION 517 VOW OF POVERTY: PAGES 2, 3 AND 6.

Since an illegal law is an unconstitutional law and is void, the general principles follow that IRS imposes no duties or tax liabilities, confers no rights, creates no office, and bestows no power or authority on anyone within a church that has taken the vow of poverty.

## CONCLUSION

IRS ignored petitioner's request to answer interrogatories and did not produce documents that would have provided clarity and resolved all conflicts.

1. The IRS ignored Judge Myron H. Thompson's order to show cause by July 16, 2007.
2. The Respondent stated: **"As the respondent will not seek enforcement of the summonses, as issued, their no longer exists a case or controversy between the parties ( William Paul ONLY and United States) that can, or need be, resolved by the Court"**.
3. **On** or before August 7, 2006, a second summons was served on William Paul in the matter of William D. Paul SSN: 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 in order to produce bank and financial records for 2001, 2002, 2003, 2004 and 2005. Final judgment was entered on August 25th, 2006. The action of the petitioner was dismissed without prejudice. The above records were pursued and obtained by IRS agent Larry Ellis. These records remain in the possession of the Internal Revenue Service.
4. Mark Mire assumed the case from Larry Ellis. On or before June 1, 2007, a third summons was served on William Paul per Mark Mire, special agent for years 2003, 2004, 2005 and 2006. On or before June 20, 2007, a fourth summons was served on William Paul per Mark Mire, Special agent for 2002, 2003, 2004, and 2005.
5. The motion to quash summons should be granted, given the fact that the petitioner is <u>William Paul ONLY</u>. It is William Paul ONLY who has filed petitions to quash summons. It is William Paul ONLY who has been involved in all court

5

**arguments, petitions, motions, dismissals, hearings, orders and judgments** pertaining to William Paul ONLY. Legally, William Paul could not represent the other legal entities or corporations as *pro se.*

Done on August 21, 2007

_____
Bishop William D. Paul. Paul, Pro'se
Petitioner
102 Meadow Wood
Wetumpka, AL 36093
(334) 514-4383


## CERTIFICATE OF SERVICES

I hereby certify that I have served a copy of the foregoing upon:

Mark Mire, Special Agent
2204 Lakeshore Drive Suite 210
Homewood, AL 35209


Laura Canary
United States Attorney
Post Office Box 197
Montgomery, AL 36101-0197

Commissioner, Kelvin Brown
Internal Revenue Service
1111 Constitution Ave. NW, IR-6406
Washington, DC 20224

by depositing a copy of the same in the U.S. Mail, postage prepaid, August 21, 2007.

_____
Bishop William D. Paul. Paul, Pro'se
Petitioner
102 Meadow Wood
Wetumpka, AL 36093
(334) 514-4383

6